IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Feb 28 2017
U.S. DISTRICT COURT
Northern District of WV

**CRAIG PHELPS,**

    **Plaintiff,**

v.        CASE NO.: 3:17-CV- 20 (Groh)

**THE CITY OF MARTINSBURG,
WEST VIRGINIA, a political subdivision
of the State of West Virginia, and
MAURICE RICHARDS, Chief of Police for the
THE CITY OF MARTINSBURG,
WEST VIRGINIA,**

    **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Craig Phelps, by counsel, and for his Complaint against the Defendants, The City of Martinsburg, West Virginia, a political subdivision of the State of West Virginia, and Maurice Richards, the Chief of Police for The City of Martinsburg, West Virginia, avers the following:

### I. PARTIES

1. The Plaintiff, Craig Phelps, is an individual residing in Berkeley County, West Virginia.

2. The Defendant, The City of Martinsburg, West Virginia (hereinafter "City of Martinsburg"), is a political subdivision of the State of West Virginia.

3. The Defendant, Maurice Richards (hereinafter "Chief Richards") , is the Chief of Police for The City of Martinsburg, West Virginia.

## II. JURISDICTION AND VENUE

4. This is an action under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Northern District of West Virginia under 28 U.S.C. § 1391(b)-(c).

## III. FACTUAL ALLEGATIONS

6. At all times relevant hereto, the Plaintiff has been employed by the City of Martinsburg as a police officer in the City of Martinsburg Police Department. From on or about 2011 to February 14, 2017, he was assigned as a Canine Handler in the City of Martinsburg Police Department.

7. From on or about 2011 to February 14, 2017, the Plaintiff spent not less than seven and one-half hours of off-duty time per week providing training, care and maintenance for his K-9. These activities were performed in addition to his regularly scheduled 40-hour work week.

8. From on or about 2011 to on or about May 1, 2016, the City of Martinsburg paid the Plaintiff two hours of overtime per week for his off-duty work as a Canine Handler. From on or about May 1, 2016, to February 14, 2017, the City of Martinsburg paid the Plaintiff three and one-half hours of overtime per week for his off-duty work as a Canine Handler.

9. On or about January 29, 2017, the Plaintiff, by counsel, notified the City Manager for the City of Martinsburg that he was seeking overtime compensation under the FLSA for all of the off-duty hours that he worked as a Canine Handler.

10. On or about February 2, 2017, the City of Martinsburg, by counsel, responded to the Plaintiff's request for overtime compensation under the FLSA for all of the off-duty hours that he worked as a Canine Handler.

11. On or about February 14, 2017, the Plaintiff, by counsel, replied to the City of Martinsburg's response to his request for overtime compensation under the FLSA for all of the off-duty hours that he worked as a Canine Handler. Later that same day, Chief Richards notified the Plaintiff that his assignment as a Canine Handler was being terminated immediately and that his K-9 was being retired from the service of the City of Martinsburg Police Department. Also later that same day, Chief Richards posted a notice soliciting applications to fill the vacancy of Canine Handler and stating that the City of Martinsburg would be acquiring a new K-9.

## IV. CAUSES OF ACTION

### A. FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(a)(1).

12. The Plaintiff re-alleges each and every averment contained in paragraphs 1 through 11 of the Complaint as if more fully set forth herein.

13. The FLSA provides in relevant part as follows:

> no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

14. The Defendants are "employers" within the meaning of the FLSA.

15. Under the FLSA, the Plaintiff was entitled to overtime compensation for all the off-duty work that he performed as a Canine Handler.

16. The Defendants have failed to pay the Plaintiff overtime compensation for all the off-duty work that he performed as a Canine Handler.

17. The Defendants failure to pay the Plaintiff overtime compensation for all the off-duty work that he performed as a Canine Handler was willful.

18. The FLSA further provides in relevant part as follows:

> Any employer who violates the provisions of section ... 207 (overtime pay) shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages.

29 U.S.C.A. § 216(b).

19. The Plaintiff is entitled to back pay, liquidated damages, interest, costs of litigation, and attorney fees in this matter.

### B. RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3).

20. The FLSA makes it unlawful for an employer to discriminate or retaliate against an employee because he has asserted his rights under the statute. 29 U.S.C. § 215(a)(3).

21. The Plaintiff was asserting his rights under the FLSA when he requested that the City of Martinsburg compensate him for all of the off-duty hours that he worked as a Canine Handler.

22. In response, the Defendants removed the Plaintiff from his position as Canine Handler and retired his K-9 from the service of the City of Martinsburg Police Department.

23. The Plaintiff's assertion of his rights under the FLSA was a substantial motivating factor in the Defendants' decision to remove him from his position as Canine Handler and retire his K-9 from the service of the City of Martinsburg Police Department.

24. The Defendants willfully, maliciously, intentionally and deliberately violated the Plaintiff's rights under circumstances where it either knew of should have known of such rights.

25. As a direct and proximate result of the Defendants' unlawful discrimination and retaliation, the Plaintiff has sustained damages for loss of future earnings, aggravation, humiliation, embarrassment, and emotional distress.

**WHEREFORE,** the Plaintiff prays that judgment be entered in his favor against the Defendants for compensatory, liquidated, and punitive damages in an amount to be determined from the evidence, plus prejudgment and post-judgment interest, attorney's fees and costs, and such other and further relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>**PLAINTIFF**</u>
**By Counsel**

/s/ Barry P. Beck
Barry P. Beck
(W.Va. Bar #  4225)
POWER, BECK & MATZUREFF
308 W. Burke Street
Martinsburg, WV  25401
(304) 264-8870